IN THE MATTER OF THE PETITION OF ST. JOSEPH'S ASYLUM,
IN THE CITY OF NEW YORK, TO VACATE AN ASSESSMENT.

In enacting the provision of the act of 1840 (§ 7, chap. 326, Laws of 1840),
which prohibits an assessment of property in the city of New York for
local improvements exceeding half its value as valued by the general
tax-assessing officers, it was not the intention of the Legislature to
relieve from such assessments property that is exempt from taxation.

In assessing for a local improvement, the assessors are not confined to a
valuation made for the purposes of general taxation during the year
when the assessment for the local improvement is made, but a resort
may be had to the last valuation if any, whenever it was made.

Accordingly, held, where property had been valued by the ward assess-
ors on the assessment roll for the year 1858, that assessments might be
imposed thereon for local improvements in the years 1864, 1865, 1873
and 1875, limited to half the valuation appearing on said roll.

As to whether the general tax-assessing officers have power implied by
said act to assess the value of exempt property for the purposes of
assessment for local improvements, quaere.

Where an assessment for a local improvement exceeds half the value as
fixed by the ward assessors, the assessment is valid up to one-half, and
the Supreme Court has power to correct the assessment by reducing it
to that amount.

In such a case, however, the owner of the property assessed should not
be required to pay interest until the assessment is fixed according to
law, i. e., only from the date of the order correcting it.

(In re Second Ave. M. E. Church, 66 N. Y., 395), distinguished.

(Argued April 10, 1877; decided April 17, 1877.)

APPEAL from order of the General Term of the Supreme
Court in the first judicial department, affirming an order
of Special Term denying a motion to vacate certain assess-
ments for local improvements in the city of New York, but
correcting one of the assessments by reducing it.

The petitioner sought to vacate four assessments upon its
property for local improvements; number one, made in
1875; number two, made in 1873; number three, made in
1865; and number four, made in 1864. It proved that
the value of said premises, as valued by the ward assessors,
in the years 1874, 1873, 1864 and 1863, was $0.

The counsel to the corporation introduced the following proof, to which petitioner duly objected and excepted.

Extract from the records of taxes and assessments, for the year 1858, showing the last assessed valuation of the lots of petitioners: to wit for the year 1858.

It thereby appeared that the several assessments numbered 1, 3 and 4, did not exceed one-half the value of the lots as valued by the ward assessors, in the year 1858. It also appeared that assessment number two did exceed one-half of such valuation.

Petitioners requested the judge, by whom the proceeding was heard to order that the several assessments be vacated, which request was refused and petitioners excepted. The judge decided that assessment, number two, be reduced to one-half of the value of the lots, as valued by the ward assessors, in 1858.

Petitioners requested the judge to order that upon the assessment as reduced, interest should run only from the date of the order, reducing the same, which request was refused, and petitioners duly excepted.

An order was entered accordingly.

*Charles E. Miller*, for the appellant.    The assessments are void by reason of the prohibition in chapter 326, Laws of 1840. (*In re Second Ave. M. E. Church*, Ct. Apps., not reported.)

*J. H. Beall*, for the respondent.

CHURCH, Ch. J.    This is an application to vacate four assessments, numbered respectively 1, 2, 3 and 4, upon the ground that it does not appear that the provision in the act, chapter 326 of the Laws of 1840, prohibiting assessments exceeding one-half of the value of the land as assessed by the ward assessors, was observed. The case of the *Second Avenue Methodist Episcopal Church*, recently decided in this court, but not reported,* is relied upon as authority in this case.

* 66 N. Y., 395.

We held there that inasmuch as no assessment was shown ever to have been made by the ward assessors of the land, that no assessments could be made for a local improvement, for want of authority; that the power to assess was limited and could only be exercised to the extent of one-half of the value as assessed for purposes of general taxation; and if no such value could be shown, the power to assess for local improvements did not exist. In this case, the value as assessed by the ward assessors was shown, although several years previously. The counsel for the appellant insists that it must be a valuation existing at the time the assessment is imposed. The statute of 1840 does not require this. It frequently happens that parcels of property are omitted by mistake from the assessment roll, and the construction claimed by the appellant would exempt such property from assessment for local improvements during the year or years in which the mistake occurred. The class of property assessed in this case not being assessable for general purposes of taxation would upon the construction claimed be exempt for all time from assessment for local improvements. Although such assessments are, in a general sense taxes, yet they are based upon an entirely different principle from general taxes. The latter are imposed to pay the general expenses of government in return for protection afforded to life, liberty and property, while the former are imposed upon the theory, however much it may be violated in practice, of conferring an equal specific benefit upon the property assessed, and it has been uniformly held by the courts, and has long been settled, that property exempted by the legislature from general taxation, is still liable for assessments for local improvements; and this court has recently held that the property owned by the State itself is not exempt from such assessments.*

It is very clear to my mind that the legislature by the act of 1840, had no intention of relieving exempt property from these assessments, and it is the duty of the courts to prevent

*Hassan v. City of Rochester, 66 N. Y., 528.

such a result, if it can be reasonably done without violating established legal rules. There is nothing in the language of the statute of 1840 restricting the comparison of value by the assessors for the purpose of assessment for local improvements to the year in which the assessment for a local improvement is made, and to prevent the great injustice of permitting a very large amount of property from evading the payment of these assessments, I think the General and ·Special Term were justified in allowing a resort to be had to the last valuation by the assessors whenever that was. The legislature could easily remedy the apparent incongruity, and it may be that the ward assessors or their successors, have power, implied by the act of 1840, to assess the value of exempt property, for the purpose of assessment for local improvements. But until some better remedy is furnished I see no legal difficulty in adopting the course pursued by the court below. It appears in the cases numbered one, three and four, that the assessment was less than one-half the value as assessed by the ward assessors, and according to the foregoing views no error was committed in respect to them.

In the case numbered two, the assessment exceeded one-half the assessed value as proved, and . the court below reduced the assessment accordingly. It is objected that the court had no power to make this reduction, but was obliged to vacate the assessment entirely. We were referred to chapter 383 of the Laws of 1870 conferring express authority upon the court in case the irregularity had caused an increase of expense of the work for which the assessment was made, to reduce the assessment accordingly, and from that it is insisted that such power existed in no other case. I am not prepared to assent to this view. The petitioner necessarily concedes that the assessment is valid up to one-half of the assessed value, and claims only that it is invalid beyond that sum. There is no objection affecting the whole assessment, but only a specified amount, and it is competent for the court to apply the remedy directly to the part of the assessment complained of. The power of vacation exists

and should be exercised in a case when the objection applies to the whole assessment; but when the objection is only to a particular sum, and that fixed by statute, the power of the court to reduce it to that sum is necessarily implied from the nature of the case. The court merely gives effect to the law as claimed by the petitioner. It is analogous to a judgment composed of two items, one of which only is claimed to be illegal, and if the court so hold, it may reduce the judgment to correspond with the legal amount. The petitioner thus gets precisely what it claims, an assessment for an amount not exceeding one-half of the value as assessed for purposes of taxation. A vacation and reassessment, if practicable, would produce the same result, and I think the court has power to make the correction. But under the peculiar circumstances of the case, I am inclined to think that the assessment should be deemed valid as reduced from the date of the order. Under the statute of 1840 and the decisions of the courts, the petitioner ought not to be required to pay interest until the assessment was fixed according to law. A tender of the correct amount would not have relieved the petitioner, because no officer was authorized to receive it, even if it could have ascertained the sum legally required. The remedy was to apply to the court, or lie by and resist the collection. The circumstances are exceptional, and I think this modification just.

It is not deemed necessary to consider the point whether there is any such distinction between this case and the case of *Second Avenue Methodist Church* (*supra*), as to prevent an application under the act of 1858 as modified by the two acts of 1874.

The order must be affirmed with the modification suggested.

All concur except ANDREWS and MILLER, J.J., not voting.

Ordered accordingly.