IN THE MATTER OF THE PETITION OF HELEN S. AUCHMUTY
TO VACATE AN ASSESSMENT, ETC.

*Section 27 of chapter 383 of 1870 — when an assessment should be reduced under.*

When a court should, under section 27 of chapter 383 of 1870, reduce an assessment upon lands of a party aggrieved thereby, by deducting such sum as is in the same proportion to such assessment as is the whole unlawful increase to the whole amount of the expense of the improvement, considered.

APPEAL from an order made at a Special Term, vacating an assessment for setting curb and gutter-stones, and for flagging First avenue from Sixty-fifth to Eighty-sixth streets.

The improvement in question was made some time in the years 1871 and 1872, and on the 20th of February, 1873, an assessment therefor was confirmed.

The contract under which the work was done specified the following prices for the several kinds of work :

Furnishing and setting curb and gutter-stones, per

running foot,    .    .    .    .    .    .    .    $3 35
Excavating rock, per cubic yard,    .    .    .    .    3 00
Furnishing and laying flag-stone, per square foot,    .    0 00

The return of the contractor, for work done, was as follows, viz. :

Excavating 150 yards of rock, at $3,    .    .    .    450 00
Setting 7,243 feet of curb and gutter, at $3.35,    .    24,264 05
Laying 89,596 square feet flagging,    .    .    .    0 00

                                                    $24,714 05
Deduct excess of inspection (292 days) at $3,    .    .    876 00

                                                    $23,838 05

The expenses were :
Surveyor's fees,    .    .    .    .    .    $1,009 95
Inspector's fees (352 days),    .    .    .    1,056 00
                                                ————    2,065 95

In all,    .    .    .    .    .    .    .    $25,904 00

The contractor found a considerable amount of the work already done when he commenced, viz. : in front of the entire block between Sixty-fifth and Sixty-sixth streets, on both sides, and of a number of lots between Sixty-ninth and Seventieth, and Seventy-third and Seventy-seventh streets curb and gutter-stones had been set and flagging laid ; between Eighty-third and Eighty-sixth streets the curb and gutter-stones had been set, but no flagging was laid.

The contractor did not interfere with the work that he found already executed, and which had been done by the property owners at their own expense.

The assessors, finding no charge for flagging on the return of the cost of work, assessed the whole expense upon the lots where curb and gutter-stones were set, and did not assess those lots in front of which only flagging was laid. In a proceeding by the Protestant Episcopal public school to vacate the assessment for this work upon its property, the principle of assessment was disapproved by the Court of Appeals, and it was held that the lots in front of which only flagging was laid were benefited thereby, and that they should have been assessed in proportion to such benefit.

In this case, and in the eighteen other cases which were brought up for review on this appeal, it was shown that the whole amount of work done in front of lots not assessed was 9,599 square feet of flagging ; that twenty-two and one-fifth cents per foot was a fair and reasonable price therefor, and that at that rate the cost of such work was $2,132, which, deducted from the total expense, leaves $23,772 as the amount that should have been distributed upon the property which was assessed. The city claimed that the assessment should not be vacated, but should be reduced in proportion to the amount of such general reduction. The judge at the Special Term refused to reduce, and vacated the assessments. From the orders thereupon entered this appeal is taken.

*J. A. Beall*, for the mayor, etc., appellant.

*T. F. Neville*, for the petitioners and respondents.

BRADY, P. J. :

It is conceded that the assessments to which the proceedings herein relate, under the adjudication in the application of the Protestant Episcopal public school, made by the Court of Appeals, and declared on the first of March of the present year, cannot be maintained. It seems that the assessor assessed the whole expense for flagging upon the lots where curb and gutter-stones were set, and did not include the lots in front of which only flagging was laid, and this principle of assessment has been disapproved. It was held that the lots in front of which only flagging was laid were benefited, and should have been assessed in proportion to such benefits. It is quite clear, from the evidence in this matter, that the whole amount of the work done in front of the lots that were not assessed was 9,599 square feet of flagging, and it was conceded that twenty-two and a-half cents per foot was a fair and reasonable price therefor. This work, at the rate named, would make its cost $2,132, which deducted from the total expense assessed, namely, $25,904, would leave $23,772 as the amount which should have been distributed upon the property which has been assessed. Under these circumstances, upon the consideration of these applications at Special Term, the appellants insisted that the assessment should not be vacated, but should be reduced in accordance with the results just stated ; but the learned justice presiding rejected this proposition and, as it already appears, absolutely vacated the assessments. The act of 1870, chapter 383, section 27, provides that "if upon such hearing it shall appear that, by reason of any alleged irregularity, the expense of any local improvement has been unlawfully increased, the judge may order that such assessment *upon the lands of said aggrieved party* be modified by deducting therefrom such sum as is in the same proportion to such assessment as is the whole amount of such unlawful increase to the whole amount of the expense of such local improvement."

And inasmuch as the objection to the assessment here was for an unlawful increase, the statute mentioned would seem to embrace and to authorize the reduction or modification asked. The power to do this, under that statute, was determined in the matter of the *St. Joseph's Asylum* (69 N. Y., 357.) It is said, however, in

the matter. of the Protestant Episcopal public school, to which reference has been made, that the Court of Appeals have declared that the petitioner's assessment in that case could not be reduced, but it seems from the opinion that there was no fixed sum or criterion for the court to act upon, and it was said that "the court would occupy the position of the assessors, and the assessment would be according to its judgment, instead of the judgment of the assessors ; besides, it would have no power to make the assessments upon the omitted parcels, and thus make a valid assessment for the improvement."

That case differs from this, therefore, because there is in this case a fixed sum or criterion for the court to act upon, the exact amount of the unlawful increase having been ascertained. Indeed a tabular statement, presented for the consideration of the court, shows the amounts assessed, and the amounts which would remain after a reduction in a proper proportion. It is thought, under these circumstances, that the orders made were erroneous, and that a proper reduction, including the unlawful excess, should have been ascertained and directed by the Special Term.

It is ordered, therefore, that the matter be remitted to the Special Term for its action in the respect mentioned.

Ingalls and Daniels, JJ., concurred.

Proceedings remitted to the Special Term for its action, as directed in the opinion.