In the Matter of the Petition of GEORGE M. MILLER, to VACATE AN ASSESSMENT, ETC.

24h 637
f 63ad331

*Reduction of assessment — as to the charging of interest upon it.*

Where, upon an application to vacate an assessment, the amount thereof is reduced, interest can only be charged upon the assessment, as so reduced, from the time that the amount thereof is ascertained by the order directing the reduction.

Appeal from an order made at Special Term, discharging an assessment for sewers in Tenth avenue, between Seventy-seventh and Eighty-first streets. Among the other irregularities claimed by the petitioner to exist, it was shown that the rock excavation which was required to be made in the completion of the work, had not been submitted to competition.

*J. A. Beal*, for the Mayor, etc., appellant.

*James A. Deering*, for the petitioner, respondent.

Daniels, J.:

The disposition of the merits of this case is controlled by the recent decision made by the Court of Appeals in that of Merriam, March 25, 1881. The order from which the appeal has been taken must accordingly be reversed and the assessment reduced, so far as that is required to deduct from it the expenses of the rock excavation. The excess beyond that is a legal and valid charge against the property of the petitioner, and the only point now to be determined, is from what period he should be required to pay interest. By section 270, chapter 86, Revised Laws of 1813, interest upon the amount paid to defray the expenses of the improvement was required to be included in the assessment, and by the succeeding section interest upon the amount of the assessment is allowed to be recovered in an action brought for the non-payment of the amount assessed. But neither of these provisions in any way control the point now to be decided, for the first includes only the interest accruing up to the time when the assessment shall be made, while the second provides for the

recovery of interest after the assessment has been legally imposed. The present case is not within either of these provisions.

As this assessment cannot be in fact completed until it shall now be directed by the deduction required to be made, the owner of the property affected by it can in no way know the amount he may be required to pay until that shall have taken place. Before that the assessment will possess none of the elements of a completed charge upon his property, and he cannot be in default for failing to pay it. For that reason it would seem to be only equitable to charge him with interest from the time when the assessment shall be definitely and precisely ascertained in its amount. This as a general rule was considered to be a fair and proper exposition of the law in the case of *The People* v. *New York* (5 Cow., 331, 334.) And it is the principle which the legislature has incorporated in chapter 550 of the Laws of 1880, by which provision has been made for revising and correcting local assessments in the city of New York. (Laws of 1880, p. 802, § 12.) This, though not controlling, is an unequivocal indication of what the legislature considered to be just and proper for such an emergency.

*In the Matter of St. Joseph's Asylum* (69 N. Y., 353, 357), a similar point received the attention of the Court of Appeals, and it was there held that interest could only be added to the assessment from the time when it became fixed in amount according to law. That case though different in some of its circumstances from the present, is still the same in principle, and must be regarded as a controlling authority upon this subject.

Upon principle as well as by the force of these authorities, interest can only be charged upon the amount of the assessment from the time when that shall be ascertained by the order to be entered in this proceeding.

The case of Willis is dependent upon the same point, and the same disposition should accordingly be made of it.

DAVIS, P. J., and BRADY, J., concurred.

Order modified as indicated in opinion.