In the Matter of the Petition of the MANHATTAN RAILROAD COMPANY to vacate an Assessment.

Where the work of local improvement required to be let by contract on competitive bidding has been done by days' work, the departure from the method pointed out by the statute is a fundamental one vitiating the whole assessment for the work, and when the assessment was confirmed prior to June 9, 1880, and so not affected by the act of that year (§ 2,

chap. 570, Laws of 1880), the court has no power, on motion to vacate the assessment, to reduce it, leaving it to stand for the petitioner's proportionate share of the actual value of the work.

The departure is not an irregularity condemned by the act of 1874 (§ 2, chap. 313, Laws of 1874).

(Argued April 13, 1886; decided April 27, 1886.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made March 1, 1886, which affirmed an order of Special Term vacating an assessment on lands of the petitioner in the city of New York, for regulating, grading, etc., One Hundred and Tenth street in that city.

The facts are sufficiently stated in the opinion.

*D. J. Dean* for appellant. The assessment should not be vacated entirely, but should be reduced to the extent that the petitioner has been shown to be injured by the illegality. (Laws of 1870, chap. 383, § 27; *In re McCormack*, 10 Abb. [N. S.] 234; *In re O'Hare*, 5 Hun, 287; *In re Rae*, id. 455; *In re Hebrew Asylum*, 10 id. 112; *In re Treacey*, 59 Barb. 525; *In re Eager*, 46 N. Y. 100; *In re St. Joseph's Asylum*, 69 id. 353; *In re Cram*, id. 460; *In re Hebrew Ben. Orphan Asylum*, 70 id. 476; *In re N. Y. P. E. Public School*, 75 id. 324; *In re Auchmuty*, 18 Hun, 326; 90 id. 685; *In re Walter*, 75 N. Y. 354; *In re Schell*, 76 id. 432; *In re Lord*, 78 id. 109; *In re Merriam*, 84 id. 596; *In re Leake and Watts' Orphan Home*, 92 id. 116; *In re Mayer*, 50 id. 503; *In re Inst. Sav. Bk.*, 75 id. 388, 395; *In re Burmeister*, 76 id. 174, 179; *Brown* v. *Mayor, etc.*, 63 id. 239; *People* v. *Sup'rs of Ulster*, 34 id. 268; *In re Em. Ind. Sav. Bk.*, 75 id. 388, 394.)

*James A. Deering* for respondent. The failure to submit the work to competition and contract therefor, as required by the city charter of 1873 (Laws of 1873, chap. 335, § 91), is a fundamental and substantial error vitiating the assessment. (*In re Robbins*, 82 N. Y. 131; *In re Lange*, 85 id. 307; Laws of 1874, chap. 312; *In re Merriam*, 84 N. Y. 606; 93 id. 361;

*In re Em. Ind. Savings Bk.*, 75 id. 388; *In re Holly*, 25 Hun, 119; *In re Stephens*, 26 id. 23; *McDonald* v. *Mayor, etc.*, 68 N. Y. 24; *Park* v. *Village of Greenbush*, 68 id. 23; *In re Trustees of Presb'y*, 57 How. ; affirmed, 80 N. Y. 642; *In re Mahan*, 81 id. 621; *In re Man. Sav. Inst.*, 82 id. 143; *In re Weil*, 83 id. 543; *In re Blodgett*, 91 id. 117; *In re Sec. Ave. M. E. Church*, 66 id. 395; *In re Cram*, 69 id. 461; *In re P. E. School*, 75 id. 324; *In re Deering*, 85 id. 1; *In re Cheeseborough*, 78 id. 232; *In re Blodgett*, 89 id. 302.) The proper sum not having been definitely ascertained, the power to reduce could not be exercised. (*In re Cram*, 69 N. Y. 468; *In re Heb. B. O. Soc.*, 70 id. 480; *In re N. Y. P. E. Public School*, 75 id. 329.)

ANDREWS, J. The questions in this case are completely covered by former decisions of this court. The assessment in question was for the expense incurred in regulating, etc., a part of One Hundred and Tenth street in the city of New York, under the act, chapter 528, of the Laws of 1873. The work was not let by contract, as required by the city charter (Laws of 1873, chap. 335, § 91), but was done by days' work at an aggregate expense of $437,701.69. The failure to comply with the charter in the manner of doing the work, rendered the assessment void. (*In re Robbins*, 82 N. Y. 131; *In re Lange*, 85 id. 307.) These decisions are directly in point, having been made in cases involving assessments, for the expenses of work done on other sections of the same general improvement, under precisely similar circumstances. The invalidity of the assessment is conceded, but it having been shown on the hearing, by an engineer who had been employed on the work, that in his opinion, the work, if it had been let by contract, would have cost at least $169,000, it is claimed that the petitioner's assessment should not be wholly vacated, but should be reduced, leaving it to stand for his proportionate part of the actual value of the work, as estimated by the engineer. The act of 1870 (Chap. 383, § 27) authorizes the reduction of an assessment, when it shall appear that the expense of a local improvement has been unlawfully increased by an alleged irregularity. The act of 1874 (Chap. 313, § 2) declares that

assessments shall not be set aside or vacated for certain specified omissions, irregularities, or technicalities, except where fraud is shown. The power of the court to reduce assessments has been asserted in cases where illegal items have been included in the assessment, and were capable of elimination, leaving the amount to stand for the sum for which an assessment could legally be made. This power has been exercised in some cases not precisely within the act of 1870, in the exercise of the general power of the court outside of the statute to correct errors. (*In re St. Joseph's Asylum*, 69 N. Y. 353; *In re Schell*, 76 id. 432.) But in no case has such a reduction been permitted where the whole expenditure for which the assessment was laid, was unauthorized by law, or where although there was power to make the improvement, it was prosecuted in entire disregard of the statutory scheme for making local improvements, and of restrictions designed for the protection of tax payers. On the contrary, radical departures from the methods pointed out by the statute, as where work required to be let by contract on competitive bidding, has been done by days' work, have been regarded as fundamental and as vitiating the whole assessment. Such a departure is not an irregularity condoned by the act of 1874. It would be unprofitable, in support of our conclusion, to go over ground which has been so frequently traversed in the decisions of the court. It will be sufficient to refer to some of the cases. (*In re Industrial Savings Bank*, 75 N. Y. 388; *In re Merriam*, 84 id. 596, 609; *In re Weil*, 83 id. 543; *In re Lange*, *supra*.) The prudential value of the charter provision requiring work to be let by contract, is illustrated in this case, since the claim that the assessment should be reduced and not vacated *in toto*, proceeds upon the concession that the work for which the assessment was laid, cost the city nearly three times as much as it would have done if it had been let by contract.

The act of 1880 (Chap. 570, § 2) applies to assessments confirmed after June 9, 1880, and has no application to the assessment in question, which was confirmed before that date.

The order should be affirmed.

All concur.

Order affirmed.