Andrews, J.
 

 The questions in this case are completely covered by former decisions of this court. The assessment in question was for the expense incurred in regulating, etc., a part of One Hundred and Tenth street, in the city of New York, under the act, chapter 528 of the Laws of 1873. The work was not let by contract, as required by the city charter (Laws 1873, chapter 335, § 91), but was done by day’s work, at an aggregate expense or $437,701.69. The failure to comply with the charter in the manner of doing the work rendered the assessment void.
 
 In re Robbins,
 
 82 N. Y., 131;
 
 In re Lange,
 
 85 id., 307. These decisions are directly in point, having been made in cases involving assessments for the expenses of work done on other sections of the same general improvement under precisely similar circumstances.
 

 The invalidity of the assessment is conceded; but, it having been shown on the hearing, by an engineer who had been employed oh the work, that, in his opinion, the work, if it had been let by contract, would have cost at least $169,000, it is claimed that the petitioner’s assessment should not be wholly vacated, but should be reduced, leaving it to stand for his proportionate part of the actual value of the work, as estimated by the engineer. The act of 1870 (chapter 383, § 27) authorizes the reduction of an assessment when it shall appear that the expense of a local improvement has been unlawfully increased by an alleged irregularity. The act of 1874 (chapter 313, § 2) declares that assessments shall not be set aside or vacated for certain specified omissions, irregularities, or technicalities, except where fraud is shown. The power of the court to reduce assessments has been asserted in cases where illegal items have been included in the assessment, and were capable of elimination, leaving the amount to stand for the sum for which an assessment could legally be made This power has been exercised in some cases not preci ,ely within the act of 1870, in the exercise of the general power of the court, outside of the statute, to correct errors.
 
 In re St.
 
 
 *666
 

 Joseph's Asylum,
 
 69 N. Y., 353;
 
 In re Schell,
 
 76 id.,
 
 432.
 
 But in no case has such a reduction been permitted where the whole expenditure for which the assessment was laid, was unauthorized by law, or where, although there was power to make the improvement, it was prosecuted in entire disregard of the statutory scheme for maiding local improvements, and of restrictions designed for the protection of tax-payers.
 

 On the contrary, radical departures from the methods pointed out by the statute, as where work required to be let by contract on competitiev bidding has been done by day work, have been regarded as fundamental, and as vitiating the whole assessment. Such a departure is not an irregularity condoned by the act of 1874. It would be unprofitable, in support of our conclusion, to go over ground which has been so frequently traversed in the decisions of the court. It will be sufficient to refer to some of the cases:
 
 In re Industrial Savings Bank,
 
 75 N. Y., 388;
 
 In re Merriam,
 
 84 id., 609;
 
 In re Weil,
 
 83 id., 543;
 
 In re Lange, supra.
 

 The prudential value of the charter provision requiring work to be let by contract is illustrated in this case, since the claim that the assessment should be reduced, and not vacated
 
 in toto,
 
 proceeds upon the concession that the work for which the assessment was laid cost the city nearly three times as much as it would have done if it had been let by contract.
 

 The act of 1880 (chap. 570, § 2) applies to assessments confirmed after June 9, 1880, and has no application to the assessment in question, which was confirmed before that date.
 

 The order should be affirmed.
 

 All concur.