BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT
No. 6 OF TOWN OF GREENBURGH, Respondent, *v.*
TOWN OF GREENBURGH et al., Appellants.

Argued January 6, 1938; decided March 8, 1938.

*Gerald Fitzgerald* for appellants. The assessments against the plaintiff's property are legal. (*Hassan* v. *City of Rochester*, 67 N. Y. 528; *Roosevelt Hospital* v. *Mayor*, 84 N. Y. 108; *Matter of Dinn* v. *Board of Education*, 121 Misc. Rep. 633; *Buffalo City Cemetery* v. *City of Buffalo*, 46 N. Y. 506; *Matter of St. Joseph's Asylum*, 69 N. Y. 353; *Matter of Hun*, 144 N. Y. 472; *People ex rel. Bronx Parkway Comm.* v. *Common Council*, 229 N. Y. 1; *Matter of Van Antwerp*, 56 N. Y. 261.)

*Cloyd Laporte* and *Emory T. Nunneley, Jr.*, for respondent. The statute under which the improvements were made specifically exempted the property of the school district from the assessments. (Laws of 1926, ch. 549; *City of Buffalo* v. *LeCouteulx*, 15 N. Y. 451.) The assessments upon the property of the school district and the resulting tax sales and transfers of tax lien are illegal and void, and should be canceled. (*Whitney* v. *Thomas*, 23 N. Y. 281; *National Bank of Chemung* v. *City of Elmira*, 53 N. Y. 49; *Elmhurst Fire Co.* v. *City of New York*, 213 N. Y. 87; *People ex rel. Erie Railroad Co.* v. *State Tax Comm.*, 246 N. Y. 322.)

RIPPEY, J. Since prior to September, 1929, plaintiff has been the owner of certain real property situate in the town of Greenburgh, Westchester county, and abutting on Henry street and Ashland avenue which it occupied and used for public school purposes. Those streets were improved by the town under the authority of chapter 549 of the Laws of 1926, as amended, and as a result the plaintiff was assessed and taxed for its proportionate

share of the cost. Upon failure of plaintiff to pay the taxes so levied, the town authorities advertised and sold the property and bid it in upon the sale. Thereupon this action was commenced in equity for a declaration that the assessments were illegal and void and for judgment that they should be set aside and canceled of record, that sales of any alleged tax liens be adjudged illegal and void and set aside, as well as transfers upon such sales, and that the defendants be restrained from taking any action or proceedings for the collection of the taxes. Plaintiff was unsuccessful at the trial of the action. The Appellate Division reversed by a divided court. For the payment of any portion of the cost of the improvement in question, respondent claims that it is exempt.

Section 3 of the Tax Law (Cons. Laws, ch. 60) provides that " all real property within this state is taxable unless exempt from taxation by law." A " law " is a rule of civil conduct prescribed by the law-making power of the State (1 Kent Comm. p. 447). Expressions such as " required by law," " regulated by law," " allowed by law," " made by law," " limited by law," " as prescribed by law," " created by law " and " a law of the state," as used in the statutes refer exclusively to the statute law of the State (*Brinckerhoff* v. *Bostwick*, 99 N. Y. 185, 190) unless, by the purposes of the statute where the words are used, a broader signification is required (*People* v. *Clark*, 242 N. Y. 313, 327). Here no real property may be " exempt from taxation by law " unless so exempted by statutory law (*City of Rochester* v. *Coe*, 25 App. Div. 300). The Legislature has undertaken to provide for exemptions (not here applicable) in sections 4, 5 and 5-a of the Tax Law. By section 153 of the Education Law (Cons. Laws, ch. 16) it has provided that " the grounds, buildings, furniture, books, apparatus and all other property of a school district shall not be subject to taxation for any purpose." Such a general exemption does not relieve plaintiff's property from taxation imposed for local improvements by which special benefits are

received. It has been held in cases involving analogous situations that such an exemption applies only to taxation imposed by general law and does not relieve real property from its just share of the burden imposed for local benefits (*Hassan* v. *City of Rochester*, 67 N. Y. 528; *Buffalo City Cemetery* v. *City of Buffalo*, 46 N. Y. 506; *Matter of St. Joseph's Asylum*, 69 N. Y. 353; *Roosevelt Hospital* v. *Mayor*, 84 N. Y. 108; *Matter of Hun*, 144 N. Y. 472; *People ex rel. Bronx Parkway Comm*. v. *Common Council*, 229 N. Y. 1). We understand that no serious contention is made by respondent that it is exempt under the provisions of the Education Law. It claims that it is specifically exempted from assessment and taxation for the street improvements on streets abutting on its property by the express terms of the acts authorizing the making of those improvements (Laws of 1926, ch. 549, as amd. by Laws of 1927, ch. 637) because, as it claims, under those acts the burden of the cost could be imposed only on abutting property subject to general taxation. An examination of those acts does not warrant such a claim.

The act is a general act, relating to the improvement of streets in towns throughout the State, in which detailed proceedings are specified by which the improvement may be made and paid for. Section 1 provides that the town may improve any street or streets therein upon the petition of the owners of *taxable real property* representing a majority of the linear feet of the *taxable real property* fronting or abutting upon the street or streets to be improved at the expense of the owners of the *taxable real property* fronting or abutting upon such street or streets as shown by the last preceding completed assessment roll of the town. Section 3 provides for the manner in which the petition must be executed and for its form and for a public hearing before the town board " upon notice thereof to all persons owning or possessing any interest in real property fronting or abutting upon the

street, streets, or portion thereof, proposed to be improved hereunder, as to all matters affecting their property, or the benefits thereto, resulting from such improvement." Section 4 provides for the order authorizing the improvements which may be made by the town board upon a finding and determination that the petition was in fact " executed by the owners of taxable real property fronting or abutting upon such street, streets, or portion thereof proposed to be improved, representing a majority of the linear feet of such property." The section also provides that the determination may be made by the town board in its discretion as to the kind and character of the materials to be used, which determination shall be conclusive unless property owners representing at least a majority of the linear feet of the " taxable real property " fronting or abutting on the streets to be improved shall within ten days after the hearing file with the town clerk a written petition specifying some different kind or character of material to be used. Section 8 provides for the apportionment and assessment, and reads, so far as here material, as follows:

" Apportionment and assessment. After the town board has ascertained the total cost of such improvements, it shall apportion and assess the expenses thereof upon the property fronting or abutting upon the street, streets, or portion thereof improved, in the manner herein specified; provided, however that in cases where two or more streets or portions of streets are improved at the same time upon petition of the owner or owners of a majority of the linear frontage upon such streets or parts of streets so improved, the total cost of such improvements on all such streets may be apportioned proportionately according to the total linear frontage of the streets or parts of streets so improved."

Section 9 provides for notice to all of the owners of real property abutting on the streets to be improved of the apportionment and assessment, for review by the

town board and hearing of objections, for the filing of the assessment roll and for the payment of the assessment. It is also provided in this section that " no action or proceeding shall be maintained to set aside, vacate, cancel, annul, review, reduce or otherwise test or affect the legality or validity of any such assessment unless such action or proceeding shall be commenced within thirty days after the filing of said final assessment-roll with the town clerk."

It will be seen from the above that only owners of *taxable real property* fronting or abutting upon the street to be improved were qualified to execute the petition and initiate the proceeding and that the expense of the improvement could be imposed only upon owners of such *taxable real property* and that the order for the improvement to be made under section 4 of the act must be based upon a finding that the petition was executed by that class. It is clear from a reading of other sections of the act that the Legislature did not intend to limit those who might sign the petition or those who would be liable to pay for the cost of the improvement to such persons only as were subject to general taxation for other than local benefits. The legislative intent not to exempt the property of any owner abutting upon the improved streets from its proportionate burden of the assessment is shown by the provisions of sections 3 and 8. Under section 3, notice of the proposal to improve the streets must be given to *all persons* owning or possessing any interest in real property fronting or abutting upon the streets to be improved and is not limited to any particular class, and section 8 provides for the apportionment and assessment of the cost upon *the property* fronting or abutting upon the improved streets. It is an established rule of construction " that the different parts of the same act relating to the same subject, must, unless a different intent is so palpable as to admit of no question, be taken together and construed as if they were all in the same section "

(*Corning* v. *McCullough*, 1 N. Y. 47, 57, 58). Applying that principle, the statute as a whole must be so construed as to bring within the taxing power of the town all property receiving benefits from the local improvement which abutted on the streets improved.

The property of plaintiff was subject to assessment and taxation for the local improvements unless expressly exempted by the act under consideration. It is impossible to read the act as a whole and discover any specific exemption or intent on the part of the Legislature to exempt school property abutting upon the streets to be improved. The Legislature did not so express itself. It cannot be read into the act by implication. Taxation is the rule, not the exception. Conversely, exemption from taxation is the exception and not the rule, and the Legislature must specifically exempt or clearly demonstrate its intent to exempt real property from taxation before any exemption can be claimed or maintained. Especially must this be so where unjust and inequitable results would obtain from the exemption of property deriving special benefit from an improvement.

The judgment of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in the Appellate Division and in this court.

CRANE, Ch. J., O'BRIEN, LOUGHRAN and FINCH, JJ., concur; LEHMAN, J., dissents; HUBBS, J., taking no part.

Judgment accordingly.