THE STATE EX REL. SCHIFFBAUER *v.* BANASZAK ET AL.

[Cite as *State ex rel. Schiffbauer v. Banaszak*,
142 Ohio St.3d 535, 2015-Ohio-1854.]

(No. 2014-0244—Submitted September 23, 2014—Decided May 21, 2015.)

**Per Curiam.**

{¶ 1} This mandamus action asks us to determine whether the Otterbein University police department is a public office for purposes of R.C. 149.43, Ohio's Public Records Act. Relator, Anna Schiffbauer, a news editor for a campus publication, requested records documenting the department's exercise of a government function.

{¶ 2} Because its officers are sworn, state-certified police officers who exercise plenary police power, we hold that the Otterbein police department is a public office. Therefore, the department can be compelled to produce public records. We issue a peremptory writ of mandamus ordering respondent Larry Banaszak, the chief of the Otterbein police department, to produce the requested records.

### Facts

{¶ 3} According to the complaint, Otterbein360.com is a student-run media website that primarily covers campus news and events for Otterbein University's campus in Westerville, Ohio. It is the online version of *Tan & Cardinal*, a student newspaper, which, as of the fall of 2013, is no longer printed. Also according to the complaint, Schiffbauer is, or at least was in February 2014, a news editor for Otterbein360.com.[1]

---

1. Banaszak and Robert Gatti deny in their answer that Schiffbauer is currently an editor at Otterbein360.com. However, under Civ.R. 25(C), she may continue as relator absent a motion to substitute.

{¶ 4} On January 16, 2014, Schiffbauer mailed a letter to Banaszak requesting criminal reports of persons (both students and nonstudents) whose cases had been referred (presumably by the department) to the Westerville Mayor's Court. On January 22, 2014, Schiffbauer received an e-mail from respondent Robert Gatti, Otterbein's vice president and dean for student affairs, denying the records request. Gatti also sent a denial letter through the mail, and Schiffbauer received it on February 4, 2014. The letter stated, "[A]s a private university, Otterbein believes we are not subject to the Public Records [Act] and therefore do not make our records public."

{¶ 5} Schiffbauer filed this action in mandamus on February 13, 2014. Respondents filed a motion to dismiss, and Schiffbauer filed a memorandum in opposition. The Ohio attorney general filed a motion for leave to file a memorandum in opposition as an amicus curiae together with his proposed memorandum supporting Schiffbauer. We granted his motion on October 8, 2014.

## Legal Analysis

{¶ 6} Under the Public Records Act, the term "public record" is defined as "records kept by any public office." R.C. 149.43(A)(1). As used in R.C. Chapter 149, the term "records" includes "any document * * * created by * * * any public office * * *, which serves to document the * * * activities of the office," R.C. 149.011(G), and the term "public office" includes "any state agency, public institution, political subdivision, or other organized body, office, agency, institution, or entity established by the laws of this state for the exercise of any function of government," R.C. 149.011(A). The question here is whether the Otterbein police department is a public office. If so, it must produce records that document police activities, such as the criminal reports requested by Schiffbauer.

{¶ 7} A campus police department for a private college or university may be established only under the aegis of R.C. 1713.50(B),[2] which provides, "The board of trustees of a private college or university may establish a campus police department and appoint members of the campus police department to act as police officers." The statute further provides that only those persons who have completed a training program approved by the Ohio peace officer training commission ("POTC") may be appointed campus police officers:

> [T]he board shall appoint as members of a campus police department only those persons who have successfully completed a training program ap-

---

2. A state university may do the same under R.C. 3345.04. This is not to say that all colleges and universities must have police departments. Some choose instead to have campus security departments whose employees patrol the campus and call local police or other emergency services when appropriate, but are not sworn police officers.

proved by the Ohio peace officer training commission and have been certified as having done so or who have previously successfully completed a police officer basic training program certified by the commission and have been awarded a certificate to that effect by the commission.

R.C. 1713.50(B).

{¶ 8} Campus police officers are explicitly vested with the same powers and authority that are vested in a police officer of a municipal corporation or a county sheriff:

Each member of a campus police department appointed under division (B) of this section is vested, while directly in the discharge of that member's duties as a police officer, with the same powers and authority that are vested in a police officer of a municipal corporation or a county sheriff under Title XXIX of the Revised Code and the Rules of Criminal Procedure * * *. Except as otherwise provided in this division, members of a campus police department may exercise, concurrently with the law enforcement officers of the political subdivisions in which the private college or university is located, the powers and authority granted to them under this division in order to preserve the peace, protect persons and property, enforce the laws of this state, and enforce the ordinances and regulations of the political subdivisions in which the private college or university is located, but only on the property of the private college or university that employs them.

R.C. 1713.50(C).

{¶ 9} The campus police department in this case is an "organized body, office, agency, institution, or entity established by the laws of this state for the exercise of any function of government." R.C. 149.011(A). It exercises a function of government, namely the basic police power of enforcing laws and maintaining the peace within its jurisdiction. Its officers therefore have the power to search and confiscate property, to detain, search, and arrest persons, and to carry deadly weapons. And it is an entity "established by the laws of this state," because it exists only through R.C. 1713.50.

{¶ 10} Respondents argue that the department is not a public office, because Otterbein University is not a public entity and the department is a subdivision of the university. They point out that R.C. 1713.50 applies only to private colleges and universities and argue that under Schiffbauer's reasoning, every corporation established under R.C. Title 17 would be a public office because corporations are established under statute and regulated by the state.

{¶ 11} However, we have held that a private corporation may be considered a public office for purposes of public records when it performs a governmental function. "An entity need not be operated by the state or a political subdivision thereof to be a public office under R.C. 149.011(A). The mere fact that [the entity] is a private, nonprofit corporation does not preclude it from being a public office." *State ex rel. Freedom Communications, Inc. v. Elida Community Fire Co.*, 82 Ohio St.3d 578, 579, 697 N.E.2d 210 (1998), citing *State ex rel. Toledo Blade Co. v. Univ. of Toledo Found.*, 65 Ohio St.3d 258, 260, 602 N.E.2d 1159 (1992).

{¶ 12} Here, the mere fact that Otterbein is a private institution does not preclude its police department from being a public office for purposes of the Public Records Act. Otterbein's police department is "performing a function that is historically a government function." *Id.* at 580.

{¶ 13} Respondents make a lengthy argument regarding the application of *State ex rel. Oriana House, Inc. v. Montgomery*, 110 Ohio St.3d 456, 2006-Ohio-4854, 854 N.E.2d 193, and its functional-equivalency test for determining whether a private entity is a public institution. But *Oriana House* is inapposite because the department, by the plain language of R.C. 149.011(A), is a public office. The department is created under a statute for the express purpose of engaging in one of the most fundamental functions of government: the enforcement of criminal laws, which includes power over citizens as necessary for that enforcement. The *Oriana House* analysis is thus inapplicable.

## Conclusion

{¶ 14} The Otterbein University police department is an "organized body, office, agency, institution, or entity established by the laws of this state for the exercise of any function of government." R.C. 149.011(A). The department is established under R.C. 1713.50 for the purpose of exercising a core function of government: the enforcement of the criminal laws. Because it meets the definition of a public office for purposes of the Public Records Act, it must produce public records upon request. Respondents do not argue that the requested documents fall under any exception to the Public Records Act.

{¶ 15} We therefore issue a peremptory writ ordering Banaszak to produce the requested documents. We also deny relator's motion to strike respondents' notice of additional authority.

Writ granted.

O'CONNOR, C.J., and PFEIFER, LANZINGER, FRENCH, and O'NEILL, JJ., concur.

O'DONNELL, J., dissents.

KENNEDY, J., dissents and would grant an alternative writ and order briefing regarding respondents' denial of paragraph one of relator's complaint.

---

**O'DONNELL, J., dissenting.**

{¶ 16} Respectfully, I dissent.

{¶ 17} Otterbein University's police department is subject to the Public Records Act if it is a "public office" pursuant to R.C. 149.43(A)(1). R.C. 149.011(A) defines "public office" to mean "any state agency, public institution, political subdivision, or other organized body, office, agency, institution, or entity *established by the laws of this state* for the exercise of any function of government." (Emphasis added.)

{¶ 18} As this court explained in *State ex rel. Lee v. Karnes*, 103 Ohio St.3d 559, 2004-Ohio-5718, 817 N.E.2d 76, " '[t]he preeminent canon of statutory interpretation requires us to "presume that [the] legislature says in a statute what it means and means in a statute what it says there." ' " *Id.* at ¶ 27, quoting *BedRoc Ltd., L.L.C. v. United States*, 541 U.S. 176, 183, 124 S.Ct. 1587, 158 L.Ed.2d 338 (2004), quoting *Connecticut Natl. Bank v. Germain*, 503 U.S. 249, 253–254, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992). For this reason, when the meaning of a statute is clear and unambiguous, we apply it as written and may not rewrite it in the guise of statutory interpretation. *Boley v. Goodyear Tire & Rubber Co.*, 125 Ohio St.3d 510, 2010-Ohio-2550, 929 N.E.2d 448, ¶ 20; *Doe v. Marlington Local School Dist. Bd. of Edn.*, 122 Ohio St.3d 12, 2009-Ohio-1360, 907 N.E.2d 706, ¶ 29.

{¶ 19} The majority here disturbs these settled principles in rewriting the statute and substituting the word "under" for the word "by." These words, however, are not synonymous. In these circumstances, "under" means "in accordance with," *Webster's Third New International Dictionary* 2487 (1993), while "by" means "through the work or operation of," *id.* at 307. Thus, the phrases "under law" and "by law" are "not interchangeable. * * * *Under law* ordinarily means 'in accordance with the law' * * *. * * * The phrase *by law*, in contrast, usu. means 'by statute'. * * *." (Italics sic.) Garner, *A Dictionary of Modern Legal Usage* 897 (2d Ed.1995). *See Bd. of Edn. of Union Free School Dist. No. 6 of Greenburgh v. Greenburgh*, 277 N.Y. 193, 195, 13 N.E.2d 768 (1933) (phrase "created by law" refers to the statutory law of the state). The interpretation of the majority expands the definition of "public office" to include those entities created by private parties under law and equates them with those directly established by law.

{¶ 20} The flaw in the majority's analysis is that the university's police department is not a "public office," because it was not "established *by* the laws of this state for the exercise of any function of government." (Emphasis added.) R.C. 149.011(A). It may be true, as the majority asserts, that the university's police department "may be established only *under* the aegis of R.C. 1713.50(B)," majority opinion at ¶ 7, that it "exists only *through* R.C. 1713.50," majority opinion at ¶ 9, and that it "is created *under* a statute," majority opinion at ¶ 13. (Emphasis added.) But the Otterbein University police department was not established by the laws of this state as R.C. 149.011(A) requires. Rather, the university—not the General Assembly—established the police department in accordance with R.C. 1713.50(B): "The board of trustees of a private college or university may establish a campus police department." This is the genesis of the campus police department at Otterbein University.

{¶ 21} Thus, pursuant to the plain meaning of R.C. 149.011(A), the Otterbein University police department is not a "public office," because it was not established *by* the General Assembly or by any other law of this state.

{¶ 22} Accordingly, I dissent from the majority's decision to issue a writ of mandamus in this case compelling a private entity to produce records. And it should be noted that these records are otherwise readily available from a public office that maintains public records, i.e., the Westerville Mayor's Court.

---

Graydon, Head & Ritchey, L.L.P., and John C. Greiner, for relator.

Bricker & Eckler, L.L.P., Richard S. Lovering, Anne Marie Sferra, and Warren I. Grody, for respondents.

Michael DeWine, Attorney General, and Jeffery W. Clark, Assistant Attorney General, urging granting of the writ for amicus curiae Ohio Attorney General Michael DeWine.