

**FILED**

Apr 12 2017, 11:26 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Michael A. Wukmer
Sean T. Dewey
Ice Miller, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Steven C. Shockley
Blake J. Burgan
Chou-il Lee
Taft Stettinius & Hollister, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Tipton County Board of
Commissioners,

*Appellant-Intervening Respondent Below,*

and,

City of Tipton Board of Zoning

Appeals,

*Respondent below,*

*v.*

Robert and Gayle Prather,

*Appellees-Petitioners.*

April 12, 2017

Court of Appeals Case No.
80A02-1611-MI-2533

Appeal from the Tipton Circuit
Court

The Honorable Steven R. Nation,
Special Judge

Trial Court Cause No.
80C01-1607-MI-220

**Barnes, Judge.**

## Case Summary

The Tipton County Board of Commissioners and the City of Tipton (collectively, "Commissioners") appeal the trial court's denial of their motion for a bond in a judicial review action brought by Robert and Gayle Prather. We affirm and remand.

## Issue

The Commissioners raise several issues, which we consolidate and restate as whether the trial court properly found that the Indiana Public Lawsuit Statute was inapplicable to the Prather's petition for judicial review.

## Facts

The Prathers reside in Tipton. The Commissioners determined that 886 West Jefferson Street in Tipton would be the location of a newly-constructed Tipton County Law Enforcement Center, which would house the Tipton County Sheriff's governmental and administrative offices, training facilities, and the Tipton County Jail. According to the Prathers, their property is eighty-nine feet from the property line of the proposed facility.

In May 2016, the Commissioners sought a special exception from the Tipton County Board of Zoning Appeals ("BZA") to construct the facility on the Jefferson Street property. The Prathers remonstrated against the special exception, but the BZA granted the Commissioners' request for a special exception. The Prathers then filed a petition for judicial review in July 2016. They argued that construction of the facility on the Jefferson Street property

would reduce the value of their real estate by up to twenty percent, that the intersection was dangerous and additional traffic would be problematic, that the BZA's written findings failed to include a condition that the structure be placed no closer than 245 feet from the nearest neighbor's property line, and that a fair hearing was not conducted because one person was improperly allowed to deliberate and vote on the petition. The trial court granted the Commissioners' request to intervene in the petition for judicial review.

[5] In August 2016, the Commissioners filed a Motion to Set Bond pursuant to the Indiana Public Lawsuit Statute, Indiana Code Chapter 34-13-5, and requested an expedited hearing. The Commissioners argued that the petition for judicial review qualified as a public lawsuit and that the Prathers were required to post a bond. After a hearing, the trial court denied the Commissioners' request to set a bond. The trial court found that, "based on this factual situation, the additional statutory requirements of a Public Lawsuit as set forth in Title 34 should not apply." Appellant's App. Vol. II p. 200. The Commissioners filed a motion to reconsider, which the trial court also denied. The Commissioners now appeal.

## Analysis

[6] The Commissioners argue that the trial court erred when it found that the Public Lawsuit Statute was inapplicable to the Prathers' petition for judicial review of the BZA's decision. The Public Lawsuit Statute requires a plaintiff to post a bond or face dismissal of the lawsuit, *see* Indiana Code Section 34-13-5-7, but a general judicial review of a BZA action does not require such a bond.

This argument requires that we interpret the Public Lawsuit Statute. "The meaning of a statute is a question of law and is subject to de novo review." *ESPN, Inc. v. Univ. of Notre Dame Police Dep't*, 62 N.E.3d 1192, 1195 (Ind. 2016). When interpreting a statute, we give its words their plain meaning and consider the structure of the statute as a whole. *Id.* We "avoid interpretations that depend on selective reading of individual words that lead to irrational and disharmonizing results." *Id.* "As we interpret the statute, we are mindful of both 'what it does say and what it does not say.'" *Id.* (quoting *Day v. State*, 57 N.E.3d 809, 812 (Ind. 2016)) (internal quotations omitted). "To the extent there is an ambiguity, we determine and give effect to the intent of the legislature as best it can be ascertained." *Id.* (citing *Moryl v. Ransone*, 4 N.E.3d 1133, 1137 (Ind. 2014)). "'[W]e do not presume that the Legislature intended language used in a statute to be applied illogically or to bring about an unjust or absurd result.'" *Id.* (quoting *Anderson v. Gaudin*, 42 N.E.3d 82, 85 (Ind. 2015)).

The purpose of the Public Lawsuit Statute is "to protect municipalities from a flood of harassing litigation [that] obstructs and delays public improvement." *Dible v. City of Lafa*yette, 713 N.E.2d 269, 274 (Ind. 1999) (internal quotations omitted). "The goal of the public lawsuit statute is to end costly serial litigation." *Id.* at 275.

> The public lawsuit statutes provide for a vehicle for the citizens and taxpayers of the community to be represented in a suit that questions the validity of the actions taken by the local government unit for public construction, but at the same time provide for a means to limit the delay and frustration of the public project by those citizens who would bring an action or a

series of actions for the sole purpose of delaying or changing the financing and construction of the proposed project.

*Pepinsky v. Monroe Cty. Council*, 461 N.E.2d 128, 132 (Ind. 1984).

[9] A public lawsuit is defined by Indiana Code Section 34-6-2-124(a) as:

> (1) any action in which the validity, location, wisdom, feasibility, extent, or character of construction, financing, or leasing of a public improvement by a municipal corporation is questioned directly or indirectly, including but not limited to suits for declaratory judgments or injunctions to declare invalid or to enjoin the construction, financing, or leasing; and
>
> (2) any action to declare invalid or enjoin the creation, organization, or formation of any municipal corporation.

Plaintiffs in a public lawsuit "may sue in their capacity either as citizens or taxpayers of the municipal corporation." Ind. Code § 34-13-5-2(a). However, a public lawsuit is "a class suit (whether captioned as such or not), subject to the rights of intervention, the addition of parties, and the addition of other representatives of the same class, as is provided by law in other civil actions." I.C. § 34-13-5-2(b).

[10] In interpreting the Public Lawsuit Statute, our supreme court has held that "an action by an individual landowner seeking to protect his or her private interest in property does not constitute the basis for a public lawsuit." *Dible*, 713 N.E.2d at 275. The "controlling factor" is whether the plaintiff seeks "to

protect public or private interests." *Buse v. Trustees of Luce Twp. Reg'l Sewer Dist.*, 953 N.E.2d 519, 525 (Ind. Ct. App. 2011).

[11] The Commissioners argue that the Prathers "have not—and cannot—allege that they are seeking to vindicate private interests or 'particularized harm' that is not being suffered by others." Appellant's Br. p. 15. The Commissioners rely on *Pepinsky v. Monroe County Council*, 461 N.E.2d 128 (Ind. 1984). In *Pepinsky*, the plaintiffs filed a complaint alleging that the county council had violated the Open Door Law Act regarding the construction of a new building to house the county jail, courts, and law enforcement officials. The trial court found that the matter qualified as a public lawsuit and ordered the plaintiffs to file a bond. The trial court dismissed the lawsuit when the plaintiffs failed to do so. On appeal, our supreme court agreed and noted that the lawsuit was "not an action where the appellant[s'] complaint seeks remedies regarding their personal or property rights." *Pepinsky*, 461 N.E.2d at 134. Rather, the action went "to the heart of the question concerning whether or not in the public interest the County Council should proceed" with the project, which is the "type of action contemplated by the public lawsuit statutes." *Id.*

> This cause could have as well been brought on a myriad of statutes attacking the procedures or compliances with these statutes and laws such as, but not limited to, manner in which meetings were conducted, procedure in letting and accepting bids, letting of the contracts of construction providing for the certification of the contractor to do the actual work, requiring the contractor to post the proper performance bonds and a number of other procedures required to reach the ultimate goal of having the building constructed. The manner in which this action was

brought by these parties and the subject of the complaint justified the trial court's decision that this was a public lawsuit.

*Id.* at 134-35.

[12] The Prathers argue that *Dible*, 713 N.E.2d 269, is more comparable to this situation. In *Dible*, the plaintiffs sought declaratory and injunctive relief to force the city to remove sewage and drainage structures built on its easement on the plaintiffs' property. The plaintiffs alleged that the construction "exceeded the City's easement, violated restrictive covenants, and constituted an unlawful taking of the [plaintiffs'] property." *Dible*, 713 N.E.2d at 271. The trial court granted the city's motion for summary judgment, and on appeal, this court sua sponte directed that the action proceed as a public lawsuit. Our supreme court rejected this approach.

> First, the Dibles have not brought suit in their capacity as taxpayers. Rather, they seek a mandatory injunction to protect their private property rights as created by a restrictive covenant. And as we have held previously, an action by an individual landowner seeking to protect his or her private interest in property does not constitute the basis for a public lawsuit. Second, we believe it unfair to impose the requirements of the public lawsuit statute upon the Dibles where an adequate and less onerous remedy at law is available. We hold the Court of Appeals's directive to the trial court that the Dibles' action proceed as a public lawsuit erroneous.

*Id.* at 275 (internal citations omitted).

[13] We reached a similar result in *Buse*, 953 N.E.2d 519. There, property owners filed a complaint seeking declaratory relief against a municipal sewer district concerning the sewer district's plans to place a sewer line parallel and adjacent to the plaintiffs' properties. The sewer district was requiring the property owners to connect to the sewer line even though they had "operational septic tank soil absorption systems." *Buse*, 953 N.E.2d at 521. The sewer district was also requiring the property owners to grant easements over their properties. The trial court found that the action qualified as a public lawsuit and required the plaintiffs to post a bond.

[14] We held that the trial court's order was clearly erroneous. We noted that the "plain language of the complaint demonstrates that the Property Owners 'have not brought suit in their capacity as taxpayers.'" *Id.* at 525. Although the plaintiffs' claims had "implications of public importance," that was "not enough." *Id.* at 526. "The critical factor is not whether the claims have some public importance but what the interests are that the plaintiffs seek to protect." *Id.* We held that, "[a]lthough the complaint is perhaps more broadly written than it needs be, it is nonetheless clear from each of the allegations as well as the totality of the complaint that the Property Owners are seeking to protect only their individual interests in their own real property." *Id.* "[T]he convergence of private interests with public interests is not enough in itself to convert an action that does not otherwise qualify into a public lawsuit." *Id.* Consequently, we concluded that the action was not a public lawsuit.

[15] Similarly, here, the Prathers are clearly challenging the BZA's decision because the granting of the special exception will, according to the Prathers, severely impact the value of their property. The Prathers' property is only eighty-nine feet from the property line of the proposed facility. As in *Buse*, although some of the Prathers' claims, such as the traffic issues, have public importance, the main basis of the Prathers' action is the protection of their own private interests. We conclude that this action is more like the circumstances in *Dible* and *Buse* than those in *Pepinsky*. Consequently, the Public Lawsuit Statute is inapplicable, and the trial court properly denied the Commissioners' motion for a bond.

## Conclusion

[16] The trial court properly denied the motion for a bond. We affirm and remand for further proceedings.

[17] Affirmed and remanded.

Kirsch, J., and Robb, J., concur.