## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 27 2018, 7:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Evelyn Lecia Keaton
Law Office of Evelyn Keaton
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Islom Niyozov, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | September 27, 2018 <br><br> Court of Appeals Case No. <br> 18A-IF-853 <br><br> Appeal from the Whitley Superior Court <br><br> The Honorable Douglas M. Fahl, Judge <br><br> Trial Court Cause No. <br> 92D01-1709-IF-3132 |

**Najam, Judge.**

# Statement of the Case

Islom Niyozov appeals the trial court's infraction judgment entered against him for disregarding a red traffic signal following a bench trial. He presents two issues for our review:

1. Whether Indiana Code Section 9-21-3-7 applies to traffic signals located at intersections.

2. Whether the State presented sufficient evidence to support the infraction judgment.

We affirm.

# Facts and Procedural History

On September 4, 2017, Indiana State Troopers Aaron Cook and Todd Reed were monitoring the intersection of State Road 109 and U.S. 30 in Whitley County when Trooper Reed saw Niyozov, who was driving a semi-truck, drive through the intersection against a red traffic signal. Trooper Reed radioed Trooper Cook, who was parked "a couple hundred feet" past the intersection on S.R. 109, and told him to stop the truck. Tr. at 5. Trooper Cook, who could see the intersection from his location but could not tell from his vantage point what color the traffic signal was when vehicles entered the intersection, immediately identified the truck, initiated a traffic stop, and confirmed with Trooper Reed that he was stopping the correct truck. After Niyozov stopped his truck, Trooper Cook issued him a citation for running the red traffic signal.

[4] At a bench trial on March 21, 2018, Niyozov argued that he could not be cited for the infraction under Indiana Code Section 9-21-3-7 because, he asserted, it does not apply to traffic signals at intersections. The trial court rejected that argument and entered the infraction judgment. This appeal ensued.

## Discussion and Decision

### *Issue One: Indiana Code Section 9-21-3-7*

[5] Niyozov first contends that Indiana Code Section 9-21-3-7 ("the statute") cannot support an infraction judgment for disregarding a red traffic signal at an intersection. The statute provides in relevant part as follows:

> [(b)](3) Steady red indication [on a traffic signal] means the following:
>
> > (A) Except as provided in clauses (B) and (D), vehicular traffic facing a steady circular red or red arrow signal shall stop at a clearly marked stop line. However, if there is no clearly marked stop line, vehicular traffic shall stop before entering the crosswalk on the near side of *the intersection*. If there is no crosswalk, vehicular traffic shall stop before entering *the intersection* and shall remain standing until an indication to proceed is shown.
>
> > \* \* \*
>
> (5) *This section* applies to traffic control signals located at a place other than an intersection. A stop required under this subdivision must be made at the signal, except when the signal is supplemented by a sign or pavement marking indicating where the stop must be made.

Ind. Code § 9-21-3-7 (2018) (emphases added). Niyozov contends that, because subsection (b)(5) states that "This section" applies to traffic control signals located at a place other than an intersection, that means the *entire* statute is inapplicable to traffic control signals located at an intersection. We cannot agree.

Our first task when interpreting a statute is to give its words their plain meaning and consider the structure of the statute as a whole. *ESPN, Inc. v. Univ. of Notre Dame Police Dep't.*, 62 N.E.3d 1192, 1195 (Ind. 2016). "We 'avoid interpretations that depend on selective reading of individual words that lead to irrational and disharmonizing results.'" *Id.* (quoting *West v. Office of Ind. Sec'y of State,* 54 N.E.3d 349, 355 (Ind. 2016)). As we interpret the statute, we are mindful of both what it does say and what it does not say. *Id.* (citation omitted).

Here, subsection (b)(3)(A) of the statute clearly applies where, as here, a vehicle disregards a red traffic signal at an intersection. However, subsection (b)(5) clearly applies only where a traffic signal is located "at a place other than an intersection." I.C. § 9-21-3-7. It would be irrational to read subsection (b)(5) as nullifying subsection (b)(3)(A). It is clear that subsection (b)(5) was merely unartfully drafted,[1] and we interpret that subsection to be the only part of the

---

[1] Rather than stating "This section," it should perhaps state "This paragraph of subsection (b)."

statute that applies to a place other than an intersection. Accordingly, the State properly issued the citation to Niyozov.

### Issue Two: Sufficiency of the Evidence

[8] Niyozov contends that the State presented insufficient evidence to support the infraction judgment. Traffic infractions are civil, rather than criminal, in nature and the State must prove the commission of the infraction by only a preponderance of the evidence. *Rosenbaum v. State*, 930 N.E.2d 72, 74 (Ind. Ct. App. 2010), *trans. denied*. When reviewing a challenge to the sufficiency of the evidence, we will neither reweigh the evidence nor judge the credibility of witnesses. *Id.* Rather, we look to the evidence that best supports the judgment and all reasonable inferences to be drawn therefrom. *Id.* If there is substantial evidence of probative value supporting the trial court's judgment, it will not be overturned. *Id.*

[9] Without citation to authority, Niyozov asserts that, "in a traffic case, for a conviction to be valid, the citing officer must witness the violation itself and identify the vehicle involved and the driver of the vehicle at the time of the violation." Appellant's Br. at 10. In essence, he maintains that the State presented insufficient evidence here because Trooper Cook, who issued the citation, had not witnessed the infraction, but relied on Trooper Reed's report that Niyozov had disregarded the red traffic signal. We cannot agree.

[10] Both Trooper Cook and Trooper Reed testified at Niyozov's bench trial. Trooper Reed testified that he saw Niyozov disregard the red traffic signal, and

Trooper Reed immediately notified Trooper Cook, who could see the truck approaching him from the intersection. Trooper Cook initiated a traffic stop, confirmed with Trooper Reed that he was stopping the right truck, and issued the citation to Niyozov. Trooper Reed testified that he had "no doubt" that Trooper Cook had stopped the same truck Trooper Reed had seen run the red light. Tr. at 10. The State presented sufficient evidence to support Niyozov's infraction judgment.

Affirmed.

Crone, J., and Pyle, J., concur.