

**FILED**

Oct 22 2019, 8:33 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Andrew Patrick
Anderson, Indiana

ATTORNEY FOR APPELLEE

Glen E. Koch II
Martinsville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Andrew Patrick,<br>*Appellant-Defendant,*<br><br>v.<br><br>Painted Hills Association, Inc.,<br>*Appellee-Plaintiff* | October 22, 2019<br><br>Court of Appeals Case No.<br>19A-SC-936<br><br>Appeal from the Morgan Superior<br>Court<br><br>The Honorable Terry E. Iacoli,<br>Magistrate<br><br>Trial Court Cause Nos.<br>55D03-1712-SC-1304<br>55D03-1811-SC-1183 |

**Bailey, Judge.**

# Case Summary

In 2016, Andrew Patrick ("Patrick") obtained tax deeds to three unimproved lots in Morgan County (the "Property"). A neighborhood association—Painted Hills Association, Inc. (the "Association")—later filed two small-claims actions against Patrick. The Association sought to collect unpaid dues for 2017 and 2018, attempting to enforce restrictive covenants that were recorded prior to the tax sale. The trial court held a consolidated hearing on the claims, and ultimately entered judgment in favor of the Association. Patrick filed a motion to correct error, which the trial court denied. Patrick now brings a *pro se* appeal. The dispositive issue is whether the restrictive covenants survived the tax sale.[1]

We affirm.

# Standard of Review

"We generally review a trial court's ruling on a motion to correct error for an abuse of discretion." *Santelli v. Rahmatullah*, 993 N.E.2d 167, 173 (Ind. 2013). An abuse of discretion occurs if a ruling is clearly against the logic and effect of the facts and circumstances or if the trial court erred on a matter of law. *Id.* at 175. Here, the motion to correct error related to the judgment in favor of the Association. In support of that judgment, the court entered *sua sponte* findings and conclusions, which control the issues they cover—with a general-judgment

---

[1] As this issue is dispositive, we do not address arguments directed toward other aspects of the court's ruling.

standard applicable to any other issue. *See* Ind. Trial Rule 52. We "shall not set aside the findings or judgment unless clearly erroneous," and must give "due regard . . . to the opportunity of the trial court to judge the credibility of the witnesses." T.R. 52(A). In conducting our review, we look to whether the evidence supports the findings and the findings support the judgment. *See State v. Int'l Bus. Machs. Corp.*, 51 N.E.3d 150, 158 (Ind. 2016). Moreover, although we defer to findings of fact, we "do not defer to conclusions of law." *Id.*

[4]     "The meaning of a statute is a question of law [that] is subject to *de novo* review." *ESPN, Inc. v. Univ. of Notre Dame Police Dep't*, 62 N.E.3d 1192, 1195 (Ind. 2016). "If a statute is unambiguous, we may not interpret it, but must give the statute its clear and plain meaning. If a statute is ambiguous, however, we must ascertain the legislature's intent and interpret the statute so as to effectuate that intent." *Elmer Buchta Trucking, Inc. v. Stanley*, 744 N.E.2d 939, 942 (Ind. 2001) (cleaned up). "[A] statute is ambiguous when it allows more than one reasonable interpretation." *Day v. State*, 57 N.E.3d 809, 813 (Ind. 2016).

# Discussion and Decision

[5]     Patrick does not dispute that, prior to the tax sale, the Property was subject to recorded restrictive covenants that the Association could enforce.[2] The dispute

---

[2] "Restrictive covenants are used to maintain or enhance the value of land by reciprocal undertakings that restrain or regulate groups of properties." *Villas W. II of Willowridge Homeowners Ass'n, Inc. v. McGlothin*, 885 N.E.2d 1274, 1278 (Ind. 2008). Restrictive covenants "are common in condominium or other 'common-interest' housing subdivisions. . . . Property owners who purchase their properties subject to such restrictions

is about the effect of the tax sale. As to the instant tax deeds, the parties agree that the following statute applies—but they proffer competing readings:

> **A tax deed executed under this chapter vests in the grantee an estate in fee simple absolute, free and clear of all liens and encumbrances created or suffered before or after the tax sale** except those liens granted priority under federal law and the lien of the state or a political subdivision for taxes and special assessments which accrue subsequent to the sale and which are not removed under subsection (e). **However, subject to subsection (g), the estate is subject to:**
>
> (1) **all easements, covenants, declarations, and other deed restrictions shown by public records**;
>
> (2) laws, ordinances, and regulations concerning governmental police powers, including zoning, building, land use, improvements on the land, land division, and environmental protection; and
>
> (3) liens and encumbrances created or suffered by the grantee.

Ind. Code § 6-1.1-25-4(f) (emphasis added).

[6] Patrick focuses on the first bolded portion of the statute. He contends that restrictive covenants are encumbrances, and that he received the Property "free and clear of all liens and encumbrances created or suffered before or after the tax sale." *Id.* The parties argue about whether a covenant should be considered

---

give up a certain degree of individual freedom in exchange for the protections from living in a community of reciprocal undertakings." *Id.* at 1278-79.

an "encumbrance." Regardless, there is an exception to the general rule that a tax deed confers free and clear interest—*i.e.*, "**subject to subsection (g), the estate is subject to** . . . **all** easements, **covenants**, declarations, and other deed restrictions **shown by public records**." *Id.* (emphasis added). The Association argues this exception preserves the recorded restrictive covenants.

[7] Patrick counters that this exception is itself "subject to subsection (g)." *Id.* That subsection provides as follows:

> A tax deed executed under this chapter for real property sold in a tax sale:
>
> > (1) does not operate to extinguish an easement recorded before the date of the tax sale in the office of the recorder of the county in which the real property is located, regardless of whether the easement was taxed under this article separately from the real property; and
> >
> > (2) conveys title subject to all easements recorded before the date of the tax sale in the office of the recorder of the county in which the real property is located.

I.C. § 6-1.1-25-4(g). Patrick essentially argues that subsection (g) focuses only on easements, and, because restrictive covenants are not easements, this subsection limits the application of subsection (f) to only easements—despite subsection (f) specifically listing more than just easements. Arguing subsection

(f) does not apply, Patrick ultimately contends the Association was obligated to follow redemption procedures to retain enforceable restrictive covenants.[3]

[8] Patrick misreads the subordinating language "subject to" that refers to subsection (g). "A dependent phrase that begins with *subject to* indicates that the main clause it introduces or follows does not derogate from the provision to which it refers." Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 126 (2012). In other words, this subordinating language "merely shows which provision prevails in the event of a clash—but does not necessarily denote a clash of provisions." *Id.* Thus, subsection (f) does not contradict any easement-related language in subsection (g), and subsection (g) does not limit the application of subsection (f) to easements.

[9] Moreover, the Indiana General Assembly also provided for the survival of restrictive covenants in a separate section of the Indiana Code:

> **A tax deed executed under this section vests in the grantee an estate in fee simple absolute, free and clear of all liens and encumbrances created or suffered before or after the tax sale** except those liens granted priority under federal law, and the lien of the state or a political subdivision for taxes and special

---

[3] Redemption is a procedure through which any person may obtain title to tax-delinquent property. *See* Ind. Code § 6-1.1-25-1. Before a tax deed is issued, however, a person with "substantial property interest of public record" is entitled to notice. I.C. § 6-1.1-25-4.5. A person has substantial property interest of public record if the person possesses "title to or interest in a tract that is within the tract's chain of record title" and—"not later than the hour and date a sale is scheduled to commence under IC 6-1.1-24"—the interest is either "recorded in the office of the county recorder for the county in which the tract is located" or "available for public inspection and properly indexed in the office of the circuit court clerk in the county in which the tract is located." I.C. § 6-1.1-23.9-3(a) (formerly codified at I.C. § 6-1.1-24-1.9).

assessments that accrue subsequent to the sale. **However, the estate is subject to all easements, covenants, declarations, and other deed restrictions and laws governing land use, including all zoning restrictions and liens and encumbrances created or suffered by the purchaser at the tax sale**.

I.C. § 6-1.1-25-4.6(k) (emphasis added). Statutes, such as those at issue here, that relate to the same subject matter are *in pari materia* and "should be construed together to produce a harmonious statutory scheme." *Campbell Hausfeld/Scott Fetzer Co. v. Johnson*, 109 N.E.3d 953, 958 (Ind. 2018) (quotation marks omitted). Rather than produce a harmonious statutory scheme, Patrick's argument on appeal would obviate Indiana Code Section 6-1.1-25-4.6(k).

[10] Still, Patrick cites several cases that concern tax sales and redemption procedures. He also cites cases about restrictive covenants. However, none of the cited authorities involves statutory analysis concerning the survival of covenants.

[11] The statutes are unambiguous. In light of the statutory exception for restrictive covenants, we conclude that the instant covenants survived the tax sale. In short, a dominant estate holder is not required to redeem its interest following a tax sale. The trial court did not err by ruling in favor of the Association, and we affirm its denial of Patrick's motion to correct error.

[12] Affirmed.

Najam, J., and May, J., concur.