ATTORNEYS FOR APPELLANT

William A. McCarthy
Tamara B. Wilson
Indiana Legal Services, Inc.
Indianapolis, Indiana

APPELLEE *PRO SE*

S.H.
Okmulgee, Oklahoma



FILED

Oct 13 2020, 8:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# COURT OF APPEALS OF INDIANA

H.H.,

*Appellant/Cross-Appellee-Petitioner,*

v.

S.H.,

*Appellee/Cross-Appellant-Respondent.*

October 13, 2020

Court of Appeals Case No.
20A-PO-926

Appeal from the Hancock Superior
Court

The Honorable Marie D. Castetter,
Judge

The Honorable Cody B. Coombs,
Commissioner

Trial Court Cause No.
30D01-2001-PO-151

**Bailey, Judge.**

# Case Summary

H.H. requested a two-year protective order against her ex-husband, S.H., pursuant to the Indiana Civil Protection Order Act, Indiana Code Section 34-26-5-1, et. seq. ("the Act"). H.H. was granted a one-year protective order and appeals to challenge the duration.[1] We affirm.

# Facts and Procedural History

H.H. and S.H. married in 1994 and lived together until S.H. was incarcerated in 2005. When S.H. was released in 2018, he resided with H.H. in an apartment she had leased. However, the relationship deteriorated, and the parties

---

[1] S.H. filed a pro-se appellee's brief, contending that the duration of the order is immaterial because the order is contrary to law. He articulates issues for cross-appeal, claiming (1) the order was procured by witness lies and attorney trickery; (2) he was denied effective assistance of counsel when counsel appeared at the hearing and did not request a continuance to secure S.H.'s transport from incarceration and his personal appearance; and (3) a protective order amounts to an unconstitutional exercise of double jeopardy.

The tenor of S.H.'s brief is reflected in the following: "The order was issued without evidence, just 'talks.' H.H. is proficient in lying and acting as a victim and disabled." Appellee's Brief at 15. "Protective orders create hardship and pain for many innocent good men and they became subject for extortion and abuses by their wives or ex-wives who took advantage of court ruling in their benefits." *Id.* at 16. "Protective order cases are unconstitutional and unlawful because it became used as a tool to trick and to cheat justice and for extortion to steal Husbands estates and money mostly by bad wives and women who [are] cheating on husbands and as in this case to continue incest crimes without presence of husband who can stop or preventing these incest crimes and cheating of husbands." *Id.* at 13.

Indiana Appellate Rule 46(A)(8)(a) requires that "The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22." Apart from the use of incendiary language, S.H. fails to develop an argument supported by cogent reasoning and relevant authority. Accordingly, we do not substantively address his purported cross-appeal issues. *See Tipton v. Hofmann*, 118 N.E.3d 771, 776 (Ind. Ct. App. 2019) (recognizing that the primary purpose of Appellate Rule 46 is to "aid and expedite" review and when "contentions are too poorly expressed and developed to be understood, it has prevented our appellate analysis and consideration of alleged errors.")

divorced in December of 2019. H.H. broke her lease and vacated the apartment in January of 2020, allegedly because S.H. had refused to leave.

[3] On January 28, 2020, H.H. filed a petition for a protective order, alleging that S.H.'s conduct against her in December of 2019 and January of 2020 necessitated the order. In order to obtain a continuance of the first scheduled hearing, S.H.'s counsel agreed to the issuance of a temporary protective order. On March 17, 2020, H.H. appeared for a contested hearing; S.H.'s attorney appeared on his behalf and advised the court that S.H. was in the custody of immigration enforcement officials awaiting deportation.

[4] H.H. testified that, when she had asked S.H. for her apartment key, he had grabbed her and bruised her arms and hand. She further testified that her ex-husband followed her from work and "he keeps on threatening to hurt [her]," leaving voice messages and sending texts. (Tr. Vol. II, pg. 16.) According to H.H., one of S.H.'s threats concerned a letter he purportedly drafted to advise H.H.'s neighbors of her alleged sexual conduct and poor character. First, S.H. sent a "nasty" text message to H.H. addressing this subject matter; then, H.H. discovered "leaflets or papers" left at her neighbors' doors with the same language. *Id.* at 21. H.H. submitted into evidence copies of the text message and the leaflet. The leaflet included S.H.'s name and telephone number, so that a resident could call him and "get the facts." (Petitioner's Exhibit 2.) H.H. testified that she had collected nine such leaflets. Also, H.H. expressed her belief that S.H. had been arrested when he attempted to place written material in the mailbox of H.H.'s employer and the employer called police.

[5]     The trial court advised the parties that a one-year protective order would be issued to restrain S.H. from contacting H.H.  At that juncture, H.H.'s counsel objected that H.H. was entitled to a two-year order because Indiana Code Section 34-26-5-9(f) contemplates two years as a default term.  The trial court expressed the "policy" of the court, that is, to issue a one-year protective order. (Tr. Vol. II, pg. 38.)  On March 31, 2020, the trial court issued a written protective order with specific findings, set to expire on March 17, 2021.  H.H. now appeals.

## Discussion and Decision

[6]     H.H. contends that she was denied substantive relief due her under the Act. The Act exists to "promote the: (1) protection and safety of all victims of domestic or family violence in a fair, prompt, and effective manner; (2) protection and safety of all victims of harassment in a fair, prompt, and effective manner; and (3) prevention of future domestic violence, family violence, and harassment."  I.C. § 34-26-5-1.  Section 34-26-5-9(g) provides in relevant part: "Upon a showing of domestic or family violence or harassment by a preponderance of the evidence, the court shall grant relief necessary to bring about a cessation of the violence or the threat of violence."

[7]     H.H. directs our attention to Indiana Code Section 34-26-5-9(f), which provides in relevant part:  "An order for protection issued ex parte or upon notice and a hearing, or a modification of an order for protection issued ex parte or upon notice and a hearing, is effective for two (2) years after the date of issuance

unless another date is ordered by the court." She argues that a petitioner who establishes grounds for relief is entitled to a two-year protective order unless the trial court enters a specific finding to support a deviation.

[8] The interpretation of a statute presents a question of law. *Nash v. State*, 881 N.E.2d 1060, 1063 (Ind. Ct. App. 2008), *trans. denied*. Our first task is to give its words their plain meaning and consider the structure of the statute as a whole. *West v. Office of Indiana Sec'y of State*, 54 N.E.3d 349, 353 (Ind. 2016). We will presume that the legislature intended the language used in the statute to be applied logically and to avoid an unjust or absurd result. *Nash*, 881 N.E.2d at 1063. "[W]e will not read into the statute that which is not the expressed intent of the legislature." *N.D.F. v. State*, 775 N.E.2d 1085, 1088 (Ind. 2002). In sum, the reviewing court is to be mindful both of that which a statute "does say" and that which it "does not say." *ESPN, Inc. v. University of Notre Dame Police Dep't*, 62 N.E.3d 1192, 1195 (Ind. 2016).

[9] The duration of a protective order issued under the Act is "two years after the date of issuance unless another date is ordered by the court." I.C. § 34-26-5-9(f). The broad language chosen by the Legislature – "unless another date is ordered" – permits the selection of a different term within the sole discretion of the court. The court, having exercised the role of factfinder in assessing the existence of violence or a threat, is in the best position to fashion relief to bring about cessation of the violence or a threat. We acknowledge that, because a protective order is in the nature of an injunction, "in granting a protective order the trial court must sua sponte make special findings of fact and conclusions

thereon." *Hanauer v. Hanauer*, 981 N.E.2d 147, 148 (Ind. Ct. App. 2013). But when the trial court has made such findings, the statutory language under review imposes no additional obligation to enter a particular finding to support a non-standard duration. The necessity of language supporting a deviation is something that the statute "does not say" and we will not engraft such a requirement. *ESPN*, 62 N.E.3d at 1195.

[10] That said, we also look to what the statutory language "does say." *Id.* We will not presume that the Legislature intended language used in a statute to be applied illogically or to bring about an unjust or absurd result. *Id.* at 1196. Here, the two-year default duration was selected by the Legislature in furtherance of the purposes of the Act and should not be considered meaningless. Although the statutory scheme confers broad discretion on the trial court, the breadth of this discretion does not include a blanket substitution of "policy" for legislative enactment.

[11] H.H. asks that we remand the instant matter for further proceedings, because the relief accorded her was potentially affected by a one-year "policy" ostensibly adopted by the trial court. However, we conclude that the facts and circumstances present in this case are consistent with a one-year term of civil protection. That is, at the time of the hearing, S.H. was in custody awaiting deportation to Lebanon. As the potential for S.H. to contact H.H. is greatly restricted, we discern no necessity for remand.

# Conclusion

Indiana Code Section 34-26-5-9(f) does not require that the trial court make a particularized finding to support a deviation from the stated two-year term. In issuing a protective order, the trial court may exercise discretion in selecting an appropriate term but may not substitute a policy in place of legislation.

Affirmed.

Vaidik, J., and Weissmann, J., concur.